**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAN KONOPCA,<br><br>*Plaintiff,*<br><br>v.<br><br>FDS BANK<br><br>*Defendant.* | Civil Action No.: 15-cv-1547 (PGS)(LHG)<br><br>**MEMORANDUM**<br>**AND**<br>**ORDER** |

**SHERIDAN, District Judge.**

**Facts:**

This matter concerns an appeal of Magistrate Judge Goodman's ruling to stay Plaintiff's pending motion for summary judgment to allow for the completion of discovery. Plaintiff initiated this suit on March 2, 2015 alleging violation of the Telephone Consumer Protection Act ("TCPA"), and claiming that Defendant autodialed and/or predictive dialed Plaintiff's cell phone repeatedly without his prior, express consent. The initial Scheduling Order provided for four months of discovery. It was issued on August 27, 2015, and stated that, "fact discovery is to remain open through December 31, 2015" and that "No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown..." [ECF No. 11].

Plaintiff was deposed on December 15, 2015. A Settlement Conference was set for December 22, 2015, but the Court canceled that conference. [ECF No. 18, 23]. Defendant then issued interrogatories on December 30, 2015, the day before the close of discovery. Defendant claims that the interrogatories were based on issues that arose during Plaintiff's deposition,

1

related to Plaintiff's purported memory problems. Plaintiff did not respond to the interrogatories and filed his motion for summary judgment on January 8, 2016. [ECF No. 25]. On January 29, 2016, the day Plaintiff's discovery responses were due, and five business days before Defendant's opposition to the motion for summary judgment was due, Defendant filed its Rule 56(d) motion for more time to respond and for Plaintiff to provide discovery. [ECF No. 28]. On February 5, 2016, after a telephonic hearing, Magistrate Judge Goodman did not rule on the Rule 56(d) application but exercised her discretion under Federal Rule of Civil Procedure 16 to issue an Order calling for the reopening of discovery, and for Plaintiff to respond to discovery before the motion for summary judgment. [ECF No. 33].

**Legal Standard**:

A party may file objections to a magistrate judge's order on a non-dispositive matter within 14 days of service of the order. FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1). The district court judge must "consider the timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. *See Depomed, Inc. v. Purdue Pharma L.P.*, 2016 WL 50505, at *1 (D.N.J. Jan. 4, 2016), citing *Wortman v. Beglin*, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*, quoting *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

**Analysis**:

FED. R. CIV. P. 56(d) requires "a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular

information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *LeBarre v. Bristol-Myers Squibb Co.*, 544 Fed. Appx. 120, 124 (3d Cir. 2013), quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1988).

Plaintiff argues that Defendant provided no explanation for its delay to depose him until two weeks before discovery ended or as to why it waited until the day before discovery was going to close before sending its interrogatories. Plaintiff cites to a Third Circuit case, where the Court affirmed the denial of a Rule 56(d) application, finding that, "SOI failed to exercise diligence in the discovery process since the inception of this litigation…Counsel for SOI gave no reason for his failure to seek discovery." *Superior Offshore Int'l Inc. v. Bristow Grp., Inc.*, 490 F. App'x 492, 502 (3d Cir. 2012). Also, the Third Circuit also affirmed a 56(d) denial in *McKenna v. Healthease, Inc*, 573 F. App'x 190, 192-93 (3d Cir. 2014), holding that, "we agree with the District Court that McKenna offered no convincing justification for her failure to conduct this discovery earlier in the litigation and did not explain how such additional discovery was essential to her opposition to summary judgment." *Id.*

However, Magistrate Judge Goodman did not decide this issue under Rule 56(d). Instead, she exercised her discretion under FED. R. CIV. P. 16. Under 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." To show good cause, "the moving party must demonstrate that a more diligent pursuit of discovery was impossible." *Alexiou v. Moshos*, 2009 WL 2913960, *3 (E.D.Pa. Sept. 9, 2009).

Plaintiff stresses that the discovery order stated that, "no discovery is to be issued or engaged in beyond that date," meaning that discovery could not occur after December 31, and December 31 should have been the date of completion of discovery. Plaintiff cites to a number of cases where courts found there was not good cause to allow more time for discovery. However,

Plaintiff mostly cites to cases where modification was sought after the close of discovery. That is not the case here. While Defendant did wait until the day before the close of discovery, Defendant still sought discovery before the period was scheduled to close. Also, Defendant claims that it waited until the day before the close of discovery because it learned new information about Plaintiff's mental condition at the December deposition. In her discretion, Magistrate Judge Goodman decided that this case was more appropriately handled under FED. R. CIV. P. 16, and she determined that Defendant did, in fact, comply with the actual dates of the discovery deadline. She held that Plaintiff should comply with the new discovery requests before the motion for summary judgment. *See Net2phone, Inc. v. Ebay, Inc.*, 2008 WL 4755612, at *1 (D.N.J. Oct. 27, 2008) ("a magistrate judge has wide-ranging authority to conduct discovery in the manner he or she deems fit.").

The Court finds that the Magistrate Judge did not make a mistake, or misinterpret or misapply the law, and the finding is not clearly erroneous or contrary to law.

### ORDER

This matter having come before the Court on Plaintiff's Appeal of the Magistrate Judge's Order [ECF No. 35]; and the Court having considered the submissions of the parties, for the reasons set forth on the record, and for good cause shown,

It is, on this ___2-9___ day of March, 2016, hereby

**ORDERED** that the Appeal of the Magistrate Judge's Order is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.

4